UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SHELDON P. JOHNSON,

    Petitioner,

  v.

ROY GIRDICH,

    Respondent.
------------------------------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-21-08

**MEMORANDUM AND ORDER**
No. 03 Civ. 5086 (LBS)

SAND, J.:

  Petitioner brings this motion under Fed. R. Civ. P. Rule 60(b) to vacate this Court's Order dated February 27, 2006, which denied Petitioner's writ of habeas corpus as untimely. In its decision, this Court held that equitable tolling of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") limitations period did not apply. Petitioner had alleged that his delay in returning to this Court after he exhausted his state court claims was due to his ignorance of when state proceedings are deemed final and to the slowness and unhelpfulness of the prison library in providing him with legal materials. The Court found that this did not rise to the level of "extraordinary circumstances" necessary to justify equitable tolling.

  Petitioner now argues that "new law" in a Second Circuit Court of Appeals decision entitles him to equitable tolling. Because this Court finds that the case cited by Petitioner does not overrule the case law the Court relied upon and does not entitle Petitioner to relief, the Rule 60(b) motion to vacate is denied.

COPIES MAILED TO ALL PARTIES
10-21-08

The core of Petitioner's claim is that based on the Court of Appeal's *Diaz v. Kelly* decision, this Court's February 2006 decision should be vacated. In *Diaz*, the court held that the petitioner was entitled to equitable tolling of AEDPA's statute of limitations because there was no evidence that the state appellate court sent petitioner notice of the court's decision denying leave to appeal. 515 F.3d 149, 152–53 (2d Cir. 2008). Neither the court nor the correctional facility at which petitioner was incarcerated had mail records indicating the court's order had been mailed or received. *Id.* The court found that petitioner inquired into the status of his application for leave to appeal within a reasonable time period, and upon receiving actual notice of the decision, promptly filed his federal habeas petition the next day. *Id.* at 155.

*Diaz* cited *Geraci v. Senkowski*, which ruled that the statutory tolling provision of the AEDPA limitations period ended upon the entry of a state court's order, rather than its subsequent receipt. 211 F.3d 6, 9 (2d Cir. 2000). The factual context under consideration in *Diaz* involved a court's failure to send notice within a reasonable time after entry of an order—in that case, the Appellate Division's order was entered in June 2000 but petitioner did not receive notice until January 2001. 515 F.3d at 155. *Diaz* held that equitable tolling was available to the petitioner until his receipt of the state court's order "in response to his reasonably prompt inquiry." *Id.* at 155 n.2.

In the present case, Petitioner claims that his leave to appeal was denied on October 16, 2003 and that he received notice of that decision on or about November 13, 2003. (Pet'r Mem. 9.) As set forth in previous decisions regarding this case, Petitioner was to return to this Court on or before November 20, 2003. *Johnson v. Girdich*, No. 03 Civ. 5086, 2005 U.S. Dist. LEXIS 2725, at *14 (S.D.N.Y. Feb. 23, 2005). Petitioner claims that he delivered a letter to prison officials on November 28, 2003, informing this Court stating that his state proceedings were

exhausted. Even assuming this letter exists, Petitioner's claim was submitted eight days late, and fifteen days after he received notice of the state court's final decision.

As *Diaz* does not alter the equitable tolling analysis in the Court's prior Order, Petitioner's motion to vacate judgment is denied.

**SO ORDERED.**

Dated: October 21, 2008
       New York, NY

_____
U.S.D.J.